Patricia S. Bizzell, M.P.A. Executive Director Texas State Board of Examiners of Psychologists 9101 Burnet Road, Suite 212 Austin, Texas 78758
Re: Jurisdiction of the Texas State Board of Examiners of Psychologists over individuals who have voluntarily requested and been granted certification and licensure but whose employment makes them exempt (RQ-2077)
Dear Ms. Bizzell:
 You ask about one of the exemptions from licensing and certification requirements under article 4512c, V.T.C.S., the Psychologists' Certification and Licensing Act.
Section 20 of the act provides:
 After December 31, 1970, no person shall represent himself as a psychologist or psychological associate within the meaning of this Act unless he is certified and registered under the provisions of this Act.
Section 21 provides for the licensure of persons who offer psychological services for compensation. Section 22 provides that "[n]othing in this Act shall be construed to apply to"
 (a) the activities, services and use of official title on the part of a person employed as a psychologist by any: (1) governmental agency, (2) public school district, or (3) regionally accredited institution of higher education provided such employee is performing those duties for which he is employed by such agency, district, or institution and within the confines of such agency, district, or institution insofar as such activities and services are a part of the duties of his office or position as a psychologist with such agency, district, or institution; except that persons employed as psychologists who offer or provide psychological services to the public (other than lecture services) for a fee, monetary or otherwise, over and above the salary that they receive for the performance of their regular duties, and/or persons employed as psychologists by organizations that sell psychological services to the public (other than lecture services) for a fee, monetary or otherwise must be licensed under the provisions of this Act.
See also V.T.C.S. art. 4512c, § 22(b) (exception for students, interns, and residents in psychology), (c) (exception for services of other professionals, Christian Science practitioners, and other religious practitioners), (d) (certain marriage and family counselors); see generally Attorney General Opinion H-930
(1977) (whether person contracting to provide psychological services to school district is within exemption). The Board of Examiners of Psychologists is prohibited from enacting rules that govern the "activities, services, or training" of a person who is exempt from the act's provisions under section 22.
Because section 22 states that "[n]othing in this Act" shall apply to the persons described, you ask whether the Board of Examiners of Psychologists has "legal jurisdiction over" persons who fit the description set out in section 22(a) but who have nonetheless obtained certification or licensure.
If the phrase "[n]othing in this Act shall be construed to apply" is taken absolutely literally, persons described in the exemptions set out in section 22 would be ineligible for certification or licensure under article 4512c. We do not think, however, that the purpose of section 22 is to make certain individuals ineligible for certification and licensure. Rather, we think that the plain purpose of the exemption set out in section 22(a) is to allow persons to engage in certain types of employment without a certificate or license issued under article 4512c. If such persons do, however, seek licensure or certification, we think they submit to all of the act's provisions. Consequently, we think it is clear that a person who chooses to seek certification or licensure, even if he would be exempt under section 22(a), would be subject to the board's rules regarding that person's activities, services, or training to the extent that they are qualifications for certification or licensure. Once a person is certified or licensed, we think it is within the authority of the Board of Examiners of Psychologists to cancel, revoke, suspend, or refuse to renew that certification or license for any of the reasons the board may take such action in regard to certificates and licenses generally. See V.T.C.S. art. 4512c, §§ 23, 24A. Similarly, we think any person who chooses to seek licensure or certification is subject to the fees imposed by section 16A of article 4512c.
 SUMMARY
A person who is certified or licensed under article 4512c is subject to the provisions of that act, even if that person holds employment that would exempt him or her from the licensing and certification requirements of the act.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General